# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:02CR095 |
| vs. | : | Senior Judge Spiegel |
| MARIO BAKER, | : | **EXPEDITED ACTION DOCKET** |
| Defendant. | : | |

**DEFENDANT'S MOTION TO REDUCE SENTENCE,
PURSUANT TO 18 U.S.C. § 3582(c)(2),
IN A "DISPUTED DISPOSITION CASE"**

Pursuant to 18 U.S.C. § 3582(c)(2), Defendant Mario Baker, through undersigned counsel, hereby moves this Court for an Order reducing his sentence on counts one and three of the indictment from 120 months to 101 months based on the retroactive application of the November 1, 2007 crack amendment.

Respectfully submitted,

STEVEN S. NOLDER,
FEDERAL PUBLIC DEFENDER

*s/ Richard Smith-Monahan*
Richard Smith-Monahan (0065648)
First Assistant Federal Public Defender
2000 URS Center
36 East Seventh Street
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Mario Baker

## MEMORANDUM

At Mr. Baker's sentencing hearing on January 30, 2003, it was determined that his base offense level for counts one and three was 25 and his criminal history category was V. These determinations yielded a guideline sentencing range of 100 to 125 months. Based upon this range, the Court sentenced Mr. Baker to 120 months imprisonment on each of counts one (possession with intent to distribute at least five grams of cocaine base) and three (possession of a firearm by a convicted felon), the sentences to run concurrently with each other. Mr. Baker is currently an inmate at USP Victorville and he is scheduled for release on September 30, 2011.

On November 1, 2007, the Sentencing Commission promulgated Guideline Amendment 706 reducing the offense levels for crack offenses by two levels. On December 11, 2007, the United States Sentencing Commission authorized the retroactive application of Guideline Amendment 706 to all defendants who met certain eligibility criteria and who were still serving a sentence that was computed by the crack guideline predicated on the 100:1 powder to crack cocaine ratio. The impact of the new guideline, if it applies, will be the reduction of the person's base offense level by two levels.

However, it is important to note that even the blind application of the new amendment yields sentences for crack offenses between two and five times longer than sentences for equal amounts of powder cocaine. Kimbrough v. United States, 128 S.Ct. 558, 569 (2007). Moreover, the Commission characterized its November 1st crack amendment as a "partial remedy" for the problems created by the 100:1 ratio and it challenged Congress to study the issue in depth and consider additional action. Id. Consequently, after Kimbrough, this Court is free to treat the 100:1 ratio as advisory in arriving at a sentence that is sufficient, but not greater than necessary, to satisfy

Congress' sentencing mandate.

In order to be eligible for the retroactive application of the new guideline, the person must satisfy the following criteria: (1) his/her base offense level had to be more than 12; (2) his/her base offense level could not be more than 43; (3) his/her base offense level could not be computed using more than 4,500 grams of crack; (4) the person could be neither a "career offender" nor an "armed career criminal;" and (5) the person's original sentence was greater than any applicable statutory mandatory minimum punishment, unless the person received relief from the mandatory minimum due to the application of the safety valve or a motion for downward departure due to his/her "substantial assistance" under 18 U.S.C. § 3553(e).

On February 15, 2008, representatives of the United States Probation Office, the United States Attorney's Office, and the Federal Public Defender's Office met to discuss Mr. Baker's eligibility, among many others.  All parties were in agreement that Mr. Baker fulfilled the above-listed criteria.  However, the government staked the position that a reduction was inappropriate because Mr. Baker had some instances of bad conduct in prison.

Because Mr. Baker is "eligible" for the retroactive application of the new crack guideline, it is necessary to consider whether his early release poses a risk to the safety of the public.  Related considerations include Mr. Baker's "post-sentencing conduct," U.S.S.G. § 1B1.10, Application Note 1(B)(ii) & (iii), and other §3553(a) factors, including how the new crack guideline impacts defendants convicted of crack offenses.  Admittedly, Mr. Baker has had incident reports during his period of incarceration for things such as possession of a weapon, fighting, and possessing intoxicants.  As a result, he has lost privileges such as good time credit and commissary while in the custody of the Bureau of Prisons (BOP).  Thus, Mr. Baker has suffered consequences already within

3

the BOP as a result of his conduct.

On the positive side, Mr. Baker has participated in substantial programming at the BOP toward his rehabilitation.  Educationally, Mr. Baker has completed his English Proficiency and obtained his GED during his period of incarceration.  (Transcripts of Mr. Baker's educational record are attached).  Vocationally,  Mr. Baker has completed classes in Industrial Sewing and Typing. (Certificates from these programs are attached).  Additionally, Mr. Baker indicates that he has completed the Release Program, the Drug Program, and has worked in the UNICOR program throughout his period of incarceration.  Thus, in balancing Mr. Baker's rehabilitative efforts against his incident reports, it appears that he has taken substantial steps to better himself while in the custody of the BOP and to prepare to be a productive member of society upon his release.

If Mr. Baker's base offense level were reduced by two levels pursuant to the amendment, his sentencing guideline range for counts one and three would be 84 to 105 months, instead of 100 to 125 months.  If the Court were to consider the sentence imposed in the original sentencing – 120 months – and sentence Mr. Baker to an equivalent point in the amended guideline range, a sentence of 101 months would be warranted.  Accordingly, Mr. Baker requests that this Court reduce his sentence for counts one and three of the indictment from 120 months to 101 months.

For the reasons articulated herein, Mr. Baker respectfully requests that this Court reduce his sentence to 101 months on counts one and three of the indictment.

Respectfully submitted,

STEVEN S. NOLDER,
FEDERAL PUBLIC DEFENDER

*s/ Richard Smith-Monahan*
Richard Smith-Monahan (0065648)
First Assistant Federal Public Defender
2000 URS Center
36 East Seventh Street
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Mario Baker

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Motion to Reduce Sentence Pursuant to § 3582(c)(2) In A Disputed Case was served electronically upon William Hunt, First Assistant United States Attorney, Office of the United States Attorney, 221 E. Fourth St., Suite 400 Cincinnati, Ohio 45202 this 5th day of March, 2008.

*s/ Richard Smith-Monahan*
Richard Smith-Monahan (00654648)

5