UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR-1-02-095 |
| | : | |
| | : | **UNITED STATES' RESPONSE IN** |
| v. | : | **OPPOSITION TO DEFENDANT'S** |
| | : | **MOTION TO REDUCE SENTENCE** |
| | : | |
| MARIO BAKER | : | J. Spiegel |

- - - - - - - - - - - - - - - - - - - - - -

The defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of changing the defendant's sentence.

This defendant was convicted on two counts. Count 1 was a crack cocaine related crime that would be subject to the reduction through application of 18 U.S.C. § 3582(c)(2) and the Sentencing Commission's amendments to the crack cocaine guidelines. However, the defendant was also convicted in Count 3 of the Indictment of violating 18 U.S.C. § 922(g)(1) and 924(a)(2), possession of a firearm by a convicted felon. He received a sentence of 120 months on each count, to run concurrently. The Sentencing Commission has not changed any aspect of the guidelines regarding § 922(g)(1) that would affect this defendant's sentence. Since his sentence on Count 3 cannot be reduced, reducing the sentence on Count 1 of the indictment will not change the defendant's sentence. Therefore, he is ineligible for a reduction as a matter of law.

Where application of the pertinent amendment does not result in a different sentence, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was

actually based on considerations not affected by the retroactive guideline amendment).

Notwithstanding the above, the government would object to any reduction in this case based on public safety considerations that arise from not only the defendant's lengthy criminal history, the fact that he employed weapons in the course of the instant offenses, the fact that prior prison sentences did not deter his antisocial conduct and the fact that he has had disciplinary problems while currently incarcerated.

Before ruling on a proposed reduction of sentence pursuant to Section 3582(c), both 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements instruct the Court to consider the nature and seriousness of the danger to the community in determining whether a reduction of sentence is warranted.  *See,* Application Note 1(B)(ii) to § 1B1.10.

The United States Attorney has an obligation to protect the public safety.  Where there is reliable demonstrable evidence that an individual has been a danger to the community, a reduction in sentence is not in the public's interest, and is contrary to the above stated policy.

          Respectfully submitted,

          GREGORY G. LOCKHART
          United States Attorney

          s/William E. Hunt
          WILLIAM E. HUNT (0024951)
          First Assistant U.S. Attorney
          221 East Fourth Street
          Suite 400
          Cincinnati, Ohio  45202
          (513) 684-3711
          Fax:  (513) 684-6710
          William.Hunt@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Court's CM/ECF System this 21st  day of March, 2008, which provides electronic notice to all parties.

          s/William E. Hunt
          WILLIAM E. HUNT (0024951)
          First Assistant U.S. Attorney